IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vernard Jerome Mathis, #297034,<br>Petitioner,<br><br>v.<br><br>Leroy Cartledge, Warden of<br>McCormick Correctional Institution,<br>Respondent. | Case No. 1:11-2383-RMG<br><br>ORDER |

Petitioner Vernard Jerome Mathis filed, through counsel, this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Magistrate Judge has issued a Report and Recommendation ("R&R") that Respondent's motion for summary judgment should be granted. (Dkt. No. 30). Petitioner has timely filed objections to the R&R. (Dkt. No. 32). As explained herein, this Court adopts the R&R, with the exception of the R&R's prejudice analysis on Ground One, (Dkt. No. 30 at 23), and grants Respondent's motion for summary judgment.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-271, 96 S. Ct. 549, 554, 46 L.Ed.2d 483 (1976). In particular, this Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection has been made, and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

Mr. Mathis's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the deficiencies he alleges "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411, 120 S. Ct. 1495, 1499, 146 L.E.2d 389 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct" and a petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Moreover, "[a]n applicaton for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). To satisfy this exhaustion requirement, a habeas petitioner must prove that he fairly presented his claim to the state's highest court, *see Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *rev'd on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011), or demonstrate the applicability of an exception to that requirement based upon a certain narrow class of extenuating circumstances, *see Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565, 115 L.E.2d 640 (1991).

Where allegations of ineffective assistance of counsel are made, the question is "whether

2

counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064, 80 L.E.2d 674 (1984). First, a petitioner must show deficiency in his counsel's performance by demonstrating that his counsel made errors so serious that his counsel's performance fell below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id.* at 688, 104 S. Ct. at 2064. Second, the petitioner must show prejudice—that is, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068.

Because § 2254(d) and *Strickland* each create a highly deferential standard; "when the two apply in tandem, [this Court's] review is doubly so." *Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 788, 178 L.E.2d 624 (2011). Thus, in applying § 2254(d) to an ineffective assistance of counsel claim, "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

## ANALYSIS

Mr. Mathis timely filed written objections to the Magistrate Judge's R&R. (Dkt. No. 32). He "contends generally that the Report's findings are fraught with misinterpretations of [his] arguments, the evidence presented at trial and the PCR, and the relevant law," and reviews in turn each of the four grounds he raised in his petition. (Dkt. No. 32 at 2).

In Ground One, Mr. Mathis claims that his trial counsel was ineffective for failing to advise him that, if he were convicted at trial of any crime for which he'd been charged, he would be sentenced to mandatory life without parole ("LWOP"). The Magistrate Judge, relying on the

3

PCR court's finding that counsel advised Mr. Mathis of mandatory LWOP upon his conviction for the murder charge, "combined with the lack of credible evidence that [counsel] did not inform Petitioner of LWOP on the other most serious offenses," concluded that Mr. Mathis failed to show that his counsel's performance was deficient under *Strickland*. (Dkt. No. 30 at 22–23). This Court reaches the same conclusion. The PCR court found trial counsel credible when he testified that, though he discussed LWOP for the murder charge, he could not recall whether he discussed Mr. Mathis's exposure to an LWOP sentence upon conviction for the non-murder charges. (Dkt. No. 30 at 22; PCR App. P. 933). On the other hand, Mr. Mathis was found not credible when he testified that he was not informed of the LWOP consequences of a non-murder conviction. (Dkt. 22-18 at 4). The evidence presented in the State court proceeding thus reflects the credible testimony of Mr. Mathis's counsel, along with the not credible testimony of Mr. Mathis himself. This is not enough to meet the high "burden of rebutting the presumption of correctness [of the State court's fact finding] by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). As a result, this Court concludes that Mr. Mathis has not shown that the PCR court's decision on this issue was "based on an unreasonable determination of the facts ... ," 28 U.S.C. § 2254(d), and so the Court agrees with the Magistrate Judge's conclusion that Mr. Mathis has failed to meet the deficiency prong of *Strickland*. In the alternative, even assuming that Mr. Mathis had established deficiency, he has offered no evidence establishing that a failure of notice affected the merits of his defense, and has therefore failed to show a reasonable probability that the result of the trial would have been different but for his lack of notice. *See James v. State*, 641 S.E.2d 899, 902 & n.2 (S.C. 2007). The Court, therefore, grants Respondent's motion for summary judgment as to Ground One.

In Ground Two, Mr. Mathis argues that the State violated his Due Process rights by knowingly presenting the false testimony of his co-defendant Elton Wiggins. The Magistrate Judge concluded that the procedural bar applies to Ground Two, on the ground that this argument was never fairly presented to the State's appellate courts. (Dkt. No. 30 at 18–19). In his objections to the R&R, Mr. Mathis argues that co-defendant Wiggins testified at PCR that the State knew he was going to testify falsely at trial, and that the testimony "amounts to a fair presentation of the due process claim." (Dkt. No. 32 at 5). However, as the Magistrate Judge observed, Mr. Mathis's "PCR counsel never provided any notice of intent to seek relief upon a Fifth Amendment due process claim based upon Wiggins' alleged false trial testimony." (Dkt. No. 30 at 18). The claim was not raised on direct appeal, nor mentioned in the PCR petition, nor brought up in the PCR evidentiary hearing or even in petitioner's proposed order. (Dkt. No. 30 at 18–19). In light of the total absence of reference to any Fifth Amendment Due Process claim made by Mr. Mathis's counsel before the state courts, Mr. Mathis's argument for exhaustion rests entirely on the adequacy of the notice given by Wiggins's testimony, or rather a portion of his testimony that was given in relation to another of Mr. Mathis's claims. This Court agrees with the Magistrate Judge's conclusion that Wiggins's testimony alone does not suffice to have fairly presented Mr. Mathis's claim to the state court, *see Matthews*, 105 F.3d at 911, and so Mr. Mathis has not met the exhaustion requirement of 28 U.S.C. § 2254(b)(1). In addition, the Court finds that the Magistrate Judge properly concluded that Mr. Mathis failed to demonstrate a basis for excusing his default on Ground Two. *See Coleman*, 501 U.S. at 750, 111 S. Ct. At 2565. As a result, the Court grants Respondent's motion for summary judgment as to Ground Two.

In Ground Three, Mr. Mathis asserts that trial counsel was ineffective in failing to

interview co-defendant Wiggins prior to trial. The Magistrate Judge concluded that Mr. Mathis failed to demonstrate either prong of *Strickland*, deficiency of counsel's performance or prejudice flowing therefrom. (Dkt No. 30 at 24–25). The Magistrate Judge's deficiency determination is based on its finding that "any attempt by trial counsel to have interviewed Wiggins would likely have been futile," while its prejudice determination rests largely on the PCR court's finding that Wiggins's testimony was not credible. In his objections, Mr. Mathis argues that it was trial counsel's failure "to even make an attempt" to interview Wiggins prior to trial that represents the deficiency in his performance. (Dkt. No. 32 at 6). He further asserts that, had Wiggins been interviewed prior to trial, there is a reasonable likelihood that he would have testified differently at trial, and that, if he had testified differently, the outcome of the trial would have changed. (Dkt. No. 32 at 6).

The Court agrees with the Magistrate Judge's conclusions. On deficiency, as the Magistrate Judge observed, "any attempt by trial counsel to have interviewed Wiggins would likely have been futile." (Dkt. No. 30 at 24). Trial counsel would have first had to obtain the consent of counsel for Wiggins, *see* SCACR 407, RPC Rule 4.2, and counsel credibly testified at PCR that he believed such consent would not have been forthcoming given the adverse posture of co-defendants Mr. Mathis and Wiggins. Thus, there is a "reasonable argument" that counsel's decision not to pursue an interview with Wiggins was a strategic one, such that counsel was not deficient under *Strickland*. *Harrington*, 131 S. Ct. at 788. The Court also concludes that Mr. Mathis has not satisfied *Strickland*'s prejudice prong. As the Magistrate Judge noted, Mr. Mathis has offered no reason to believe that Wiggins would have agreed to an interview if he were approached by trial counsel, or that Wiggins would have testified differently at trial even if he

had been interviewed by Mr. Mathis's counsel. (Dkt. No. 32 at 25). Absent more specific evidence, and particularly given that the PCR court found Wiggins's post-trial testimony not credible, this Court concludes that Mr. Mathis has not demonstrated that, had his trial counsel attempted to interview Wiggins before trial, this effort would have created "a reasonable probability that . . . the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. The Court, therefore, grants Respondent's motion for summary judgment as to Ground Three.

Last, in Ground Four, Mr. Mathis argues that trial counsel was ineffective in failing to object to a burden-shifting jury charge on malice. (Dkt. No. 32 at 1). The Magistrate Judge found that "the parties agree[d] that Petitioner's Ground Four is procedurally-barred" for having not been raised on direct appeal or PCR appeal. (Dkt. No. 32 at 18). Mr. Mathis offers no explanation for why the Magistrate Judge was incorrect in that finding. This Court agrees with the Magistrate Judge's conclusion and grants Respondent's motion for summary judgment as to Ground Two. *See Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## CONCLUSION

Having thoroughly reviewed the record, the Magistrate Judge's Report and Recommendation, and the relevant case law, this Court adopts the Magistrate Judge's Report and Recommendation as the order of this Court, with the exception of the R&R's prejudice analysis as to Ground One, (Dkt. No. 30 at 23). Respondent's motion for summary judgment is **GRANTED**.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039 (2003). In this case, the legal standard for the issuance of a certificate of appealability has not been meet. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 22, 2012
Charleston, South Carolina